IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMY SILVERSTONE, | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil Action No. PX 17-0111 |
| v. | | |
| | * | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | * | |
| | | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Amy Silverstone brings suit against Defendant Reliance Standard Life Insurance Company ("Reliance"), alleging that Reliance violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), by improperly denying her claim for long-term disability benefits. ECF No. 1 at ¶ 3. Pending before the Court is Plaintiff's motion to compel extra-record discovery. ECF No. 15. The issue has been fully briefed by the parties. Upon consideration, the motion is DENIED.

In *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), the United States Supreme Court recognized a narrow exception to the rule that a district court's review of a plan administrator's decision is limited to the administrative record. The *Metropolitan Life* Court held that when a plan administrator both evaluates and pays claims for benefits, a conflict of interest exists and extra-record discovery may be appropriate to determine the effect of that conflict on the administrator's decision. *Id.* at 112–13, 117–18.

1

However, for a court to permit discovery, a plaintiff must demonstrate that the administrative record does not contain enough information to allow the district court to weigh properly the conflict of interest in reaching its conclusion, and the discovery sought must be appropriately narrow. *See Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 533 (D. Md. 2011); *Anderson v. Reliance Standard Life Ins. Co.*, Civ. No. WDQ-11-1188, 2012 WL 32568, at *3 (D. Md. Jan. 5, 2012).

Silverstone has failed to identify any specific need for extra-record discovery consistent with *Metropolitan Life*.[1] *See Patel v. United of Omaha Life Ins. Co.*, Civ. No. DKC-12-0880, 2012 WL 2370129, at *3 (D. Md. June 21, 2012) (denying request where no basis for the Court to determine whether any gaps in the administrative record warrant outside discovery was provided and no showing that the evidence in the record was deficient was made). Instead, in her initial motion, the Plaintiff made only generalized allegations of "potential" bias. *See generally* ECF No. 15-1 at 2–4. Moreover, as the Defendant rightfully points out, the record appears to include evidence sufficient to determine whether bias affected Defendant's decision. ECF No. 18-1 at 5–6; *see Anderson*, 2012 WL 32568 at *3 (discussing *Clark* and noting that on the basis of evidence in the record identified by the defendant the district court determined that the record contained sufficient information to allow the Court to determine the appeal on the record); *Patel*, 2012 WL 2370129 at *3 (same).

---

[1] Although Silverstone argues that she is entitled to evidence related to "any history of biased claims administration," "steps taken by the claims administrator to reduce the potential conflict of interest," and "referral practices and outcomes with a particular medical provider," ECF No. 19 at 2–3, these requests are neither sufficiently tied to the record in this case nor sufficiently narrow. *Cf. Anderson*, 2012 WL 32568 at *3 (discussing specific conflict-of-interest allegations raised by the plaintiff and determining that "certain limited additional discovery may shed light" on the allegations).

Therefore, it is this 16th day of November, 2017, hereby ORDERED that:

1.      The Motion for Discovery filed by Plaintiff AMY SILVERSTONE (ECF No. 15) BE, and the same hereby IS, DENIED;

2.      The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

 11/16/2017                                                                    /S/
Date                                                        Paula Xinis
                                                            United States District Judge